sary.  10 Johns. R. 198, 230.—15 *id.* 269.—18 *id.* 166.—15 <span>May Term, 1854.</span>
Wend. 566.—1 Denio 583.—6 Ohio 246.

<span>Belton
v.
Murray.</span>

But it is contended that *Wilson* assented to the sale and filling up of the bill; that such assent is proved, first, by his attempt to make arrangements with the drawer for indemnity; and, secondly, by permitting the bill to remain with the holder until suit, without raising any objection.   We perceive nothing in these positions that would excuse the fraudulent conduct of the plaintiff.   The evidence will not justify the assumption that *Wilson* attempted to procure an indemnity.   But suppose it did: he had the right to provide for any contingency; nor would the exercise of such right be considered a waiver of any legal defence he might have against the bill.   The argument that *Wilson* raised no objection until he was sued, is alike untenable.   The plaintiff, when he took the bill, was fully advised of the agreement under which it was indorsed.   It was therefore needless for *Wilson* to call upon him and reiterate the provisions of that agreement.

There was some evidence given on the trial upon the inquiry whether *Kenley* had placed in *Wilson's* hands effects for the purpose of securing him against his liability upon the indorsement.   That point was left in doubt.   But it was a pure question of fact, has been decided by the Court sitting as a jury, and we are not inclined to disturb the decision.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Rariden*, for the plaintiff.

*J. S. Newman* and *J. P. Siddall*, for the defendants.

------------------

## BELTON *v.* MURRAY.

ERROR to the *Huntington* Circuit Court.

<span>Monday,
June 5.</span>

*Per Curiam.*—Assumpsit upon a promissory note.  Process was duly served.   Judgment for the plaintiff by default.

May Term,      The record presents no question to this Court.
  1854.           The judgment is affirmed, with 5 per cent. damages and
HOLLOWAY    costs.
    v.
THE STATE.    *D. D. Pratt*, for the plaintiff.

------

## ALSOP v. THE STATE.

Monday,       APPEAL from the *Carroll* Circuit Court.
June 5.
              *Per Curiam.*—The judgment in this case is affirmed for
the reasons given in *Lichtenstein* v. *The State, ante*, p. 162.
*J. A. Sims* and *Z. Baird*, for the plaintiff.
*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.

------

## HOLLOWAY and Others v. THE STATE.

Monday,       ERROR to the *Tippecanoe* Court of Common Pleas.
June 5.
              *Per Curiam.*—This case was before this Court on a
former occasion, and was fully considered. *The State* v.
*Holloway*, 8 Blackf. 45.

The only difference between the case now and then
consists in this: that *Jenners* is now shown to have been
guilty of a neglect of duty as agent which might have
rendered him liable over to the state, and, hence, disquali-
fied, under the old law, as a witness in the case; but the
facts (the second point of difference) before proved by him
are now proved by another witness; thus placing the case
meritoriously on the same ground it stood upon before.

The decree is affirmed, with 5 per cent. damages and
costs.

*Z. Baird*, for the plaintiffs.
*R. Jones*, for the state.